CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL -9 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RICKY LEE HANKINS,<br>    Plaintiff, | Civil Action No. 7:12-cv-00297 |
| v. | MEMORANDUM OPINION |
| DAVID BOEHM,<br>    Defendant. | By:  Hon. Jackson L. Kiser<br>       Senior United States District Judge |

Ricky Lee Hankins, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names David Boehm, Warden of the Marion Correctional Center, as the sole defendant. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, I dismiss the complaint without prejudice as frivolous.

Plaintiff's atrocious handwriting makes it difficult to read his submissions. However, plaintiff alleges in the three-paragraph complaint that an unknown person threatened to beat someone "to death with blacks . . . as well as a shotgun blast to the face by[] all staff over a voice [...]." Plaintiff lists various correctional facilities in Virginia and alleges that Presidents George W. Bush and Barrack Obama are somehow involved.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte

developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

Plaintiff fails to identify defendant's involvement with any alleged civil rights violation. Plaintiff cannot rely on respondeat superior to hold a warden liable for a subordinate's act or omission. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978). If a correctional officer makes comments that may constitute verbal abuse, harassment, or an idle threat, those comments alone do not rise to the level of an Eighth Amendment violation. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979), cited favorably in, Moody v. Grove, 885 F.2d 865 (4th Cir. 1989) (table) (unpublished) (stating as a general rule that verbal abuse of inmates by guards, without more, does not state a constitutional claim). Accordingly, plaintiff's incoherent complaint pursues indisputably meritless theories against defendant and presents factual contentions that are clearly baseless. Accordingly, I dismiss the complaint without prejudice as frivolous. See McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (dismissals without prejudice for frivolousness should not be exempted from 28 U.S.C. § 1915(g)).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

ENTER: This 9th day of July, 2012.

*Jackson L. Kiser*
Senior United States District Judge

2